UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 92-80754

RONALD LEE HICKS,

    Defendant.
                                                   /

**ORDER DENYING DEFENDANT'S "MOTION FOR RETROACTIVE
APPLICATION OF SENTENCING GUIDELINES"**

Before the court is Defendant Ronald Lee Hicks's "Motion for Retroactive Application of Sentencing Guidelines" pursuant to 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010, Pub. L. No, 111-220, 124 Stat. 2372 (2010), and Amendment 750 to the United States Sentencing Guidelines.[1]  For the reasons set forth below, the court will deny the motion.

In June 1993, pursuant to a Federal Rule of Criminal Procedure 11 plea agreement, Defendant pled guilty to three criminal charges: (1) felon in possession of a firearm; (2) carrying a firearm during drug trafficking; and (3) continuing criminal enterprise.  Defendant and the Government stipulated to a term of imprisonment of 357 months, (Rule 11 Plea Agreement, Dkt. # 215.), which sentence the court imposed.

---

[1]Amendment 750 re-promulgates as permanent the emergency and temporary revisions contained in Amendment 748.  United States Sentencing Guidelines Manual app. C, amend. 750 (2011).  Amendment 748 generally lowers the base offense levels applicable to unlawful manufacturing, importing, exporting, or trafficking of cocaine base.  *See id.* amend. 748.

On October 31, 2011, Defendant filed a pro se motion to modify his sentence under § 3582(c)(2), arguing that Amendment 750 has the effect of lowering his guideline range for his continuing criminal enterprise conviction. The court appointed the Federal Defenders Office to "determine [Defendant's] eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving" Defendant's motion. (12/06/2011 Order, Dkt. # 563.) On December 19, 2011, appointed counsel filed a "Notice Regarding Ineligibility for Resentencing . . ." indicating that, because Defendant was sentenced for engaging in a continuing criminal enterprise pursuant to 21 U.S.C. § 848, he is not eligible for resentencing under Amendment 750. (Notice of Ineligibility 3-4, Dkt. # 565.) Appointed counsel, however, filed a second notice just nine days later withdrawing her original statement of ineligibility and indicating that she needed additional time to review the transcripts of Defendant's plea hearing and sentencing. (Notice of Withdrawal, Dkt. # 566.) A third notice was filed on January 20, 2012, simply stating that "[c]ounsel does not believe that supplementation of the motion is necessary" and failing to address whether, in fact, Defendant is ineligible for resentencing. (Notice and Request for Ruling, Dkt. # 568.) At the court's direction, appointed counsel filed a supplemental brief on March 13, 2012, specifically answering three questions: (1) whether an individual sentenced for engaging in a continuing criminal enterprise is eligible for resentencing under the Amendment 750; (2) whether this particular Defendant was so sentenced; and (3) if he was, whether and how he can colorably claim that he is eligible for resentencing. In the supplemental brief, appointed counsel argues that Amendment 750 lowers Defendant's guideline range because the sentence

2

imposed for his continuing criminal enterprise conviction was based on specific drug quantities. (Def.'s Suppl. Br. 4, Dkt. # 571.)

A district court may not modify a defendant's sentence absent express authorization by Congress. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Congress has granted such authorization in § 3582(c)(2), which states that a district court has the discretion to reduce the sentence of a defendant

> who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "In § 1B1.10 of the Guidelines, the Sentencing Commission has identified those amendments that may be applied retroactively pursuant to [§ 3582(c)(2)] and has also articulated the proper procedure for implementing the amendment in a case already concluded." *Johnson*, 564 F.3d at 422. Section 1B1.10 of the Sentencing Guidelines provides, in part:

> (a) Authority.—
>
>> (1) *In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-
>>
>>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or

3

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> . . .
>
> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S.S.G. § 1B1.10(a), (c).

Here, contrary to Defendant and appointed counsel's contentions, Amendment 750 does not have the effect of reducing Defendant's guideline range for his continuing criminal enterprise conviction. Under § 2D1.5(a) of the Guidelines, the base offense level for a continuing criminal enterprise conviction is the greater of either "(1) 4 plus the offense level from § 2D1.1 applicable to the underlying offense; or (2) 38." U.S.S.G. § 2D1.5(a). At the time of Defendant's sentencing, the Probation Office calculated Defendant's offense level based on both subsections (1) and (2) of § 2D1.5(a) and concluded that his offense level under both subsections was 38. Because calculation of Defendant's offense level under subsection (1) is based, in part, on the quantity of drugs involved, Amendment 750 could theoretically reduce his offense. However, subsection (2) clearly mandates that the offense level for a continuing criminal enterprise conviction may not be lower than 38, thereby establishing an offense level floor greater than the reduced offense level that would apply to Defendant under subsection (1). Thus, Amendment 750 has neither the effect of lowering Defendant's offense level for the continuing criminal enterprise conviction nor his applicable guideline range. *See* U.S.S.G. § 1B1.10 n.1(A) ("[A] reduction in the defendant's term of imprisonment is not

authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").

Defendant's additional argument, first raised by appointed counsel in her supplemental brief, that Defendant is eligible for resentencing based on a "mathematical error" allegedly committed during Defendant's original sentencing is without merit. Regardless of whether a "mathematical error" in fact led to a sentence above the guidelines range, the court lacks the authority to consider such an argument on a § 3582(c)(2) motion. The Sixth Circuit has held that "§ 3582(c)(2) is not an 'open door' that allows any conceivable challenge to a sentence." *United States v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009). Review of a § 3582(c)(2) motion is limited to the narrow determination of whether a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Because Defendant's "mathematical error" argument falls well outside the scope of § 3582(c)(2) and he has not proffered any other grounds on which Congress has authorized the court to modify his sentence, it does entitle Defendant to a reduction of his sentence. Accordingly,

IT IS ORDERED that Defendant's "Motion for Retroactive Application of Sentencing Guidelines" [Dkt. # 558] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: May 11, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 11, 2012, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
